IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| JASON SCOTT WARREN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 1:17-cv-00193-AGF |
| | ) | |
| WARDEN Jason Lewis, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Respondent's motion (ECF No. 9) for a more definite statement as to one claim (Claim 4) in Petitioner's pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not responded to the motion, and the time to do so has passed. For the reasons stated below, the motion will be granted.

Rule 12 of the Rules Governing § 2254 Cases provides that the Federal Rules of Civil Procedure may be applied to habeas corpus proceedings to the extent they are not inconsistent with any statutory provisions or the habeas rules. "Specifically, a respondent to a habeas petition may seek a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure." *Ivy v. Norman*, No. 4:13-CV-1283 JAR, 2013 WL 5538771, at *1 (E.D. Mo. Oct. 8, 2013).

Rule 2(c) of the Rules Governing § 2254 Cases requires a petition to "specify all the grounds for relief available to the petitioner" and to "state the facts supporting each ground." "[I]n order to substantially comply with the Section 2254 Rule 2(c), a petitioner

must state specific, particularized facts which entitle him or her to habeas corpus relief for each ground specified. These facts must consist of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review." *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990)).  A motion for more definite statement is proper when a party is unable to determine the issues that must be met, or where there is a major ambiguity or omission in the pleading that renders it unanswerable.  *Ivy*, 2013 WL 5538771, at *1.

Claim 4 of the petition is titled "Boot," and the only facts asserted in support of the claim are as follows: "Prosecutor said it was damaged insole with a raised hump.  The hump in boot is a standard arch within leather work boots."  ECF No. 1 at 9.  Petitioner has attached an exhibit to his petition (ECF No. 1-1), but the exhibit does not provide any further detail with respect to Claim 4.  Upon review of the entire petition, including the exhibit thereto, the Court agrees with Respondent that Claim 4 does not comply with Rule 2(c) and requires a more definite statement.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent's motion for a more definite statement as to Claim 4 of the petition for a writ of habeas corpus relief is **GRANTED**. ECF No. 9.

**IT IS FURTHER ORDERED** that, on or before **February 12, 2018**, Petitioner shall file an amended petition for a writ of habeas corpus which, in accordance with Rule 2(c) of the Rules Governing § 2254 Cases, specifies the ground for relief in Claim 4 and states specific, particularized facts which entitle Petitioner to habeas corpus relief for that

ground.  Failure to comply with this Order will result in the denial of Claim 4.

**IT IS FURTHER ORDERED** that, within **30 days** of the date on which Petitioner files any amended petition, Respondent may supplement the Response to the Order to Show Cause Why a Writ of Habeas Corpus Should Not Be Granted (ECF No. 10) in order to address Petitioner's amendment.  Any reply by Petitioner must be filed within **60 days** of the date on which the supplemental response is filed.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 10th day of January, 2018.